IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICAH JERMAINE STEWART,** : | |
| Petitioner, : | |
| : | |
| v. : | Civ. No. 12-7195 |
| : | |
| **MICHAEL WENEROWICZ, et al.,** : | |
| Respondents. : | |

### O R D E R

On February 5, 2007, state prisoner Micah Stewart was sentenced to life imprisonment following his conviction for first degree murder. (Doc. No. 7 at 3.) The conviction became final on August 25, 2008, when the Pennsylvania Supreme Court denied *allocatur*. (Doc. No. 7 at 4.) On June 23, 2009, Petitioner, acting *pro se*, filed a PCRA petition, which was amended by court-appointed counsel. The denial of PCRA relief is presently on appeal before the Pennsylvania Superior Court (Doc. No. 7 at 4, 6.)

On December 6, 2012, Petitioner, again acting *pro se*, filed the instant request for habeas relief. 28 U.S.C. § 2254; (Doc. No. 1). On May 7, 2013, the Magistrate Judge recommended dismissing the Petition for failure to exhaust state remedies. Applying <u>Rhines v. Weber</u>, the Magistrate concluded that the Petition should not be stayed and held in abeyance. 544 U.S. 269 (2005); (Doc. No. 7 at 8-9). Petitioner did not timely object, and I dismissed the Petition without prejudice on May 29, 2013. (Doc. No. 9.)

On November 13, 2013, Petitioner filed an "Application to Reopen," asking me to stay his Petition and hold it in abeyance. He argues that the habeas clock will expire if his Petition is not stayed because: (1) state appointed counsel for his PCRA proceedings may not notify him

timely of the outcome of those proceedings; and (2) he intends to file a second PCRA petition raising a claim under Martinez v. Ryan, 132 S. Ct. 1309 (2012). (Doc. No. 10.) The Commonwealth has not responded to Petitioner's request. (Doc. No. 12.) I will construe Petitioner's untimely submission as an objection to the Magistrate's Report and Recommendation and determine *de novo* whether to stay his Petition.

I may grant a stay if the Petitioner has satisfied three requirements: (1) good cause for failing to exhaust; (2) potentially meritorious unexhausted claims; and (3) the absence of intentionally dilatory litigation tactics. Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009) (citing Rhines, 544 U.S at 278).

To be sure, "the time remaining on the one-year [AEDPA] clock . . . could reasonably be a component in the 'good cause' determination." Gerber v. Varano, 512 F. App'x 131, 135 (3d. Cir. 2013) (citing Heleva, 581 F.3d at 192-93). But Petitioner still has approximately 60 days remaining on his habeas clock, significantly more time than in cases where courts have expressed concern about the habeas clock expiring. See, e.g., Gerber, 512 F. App'x at 135 (one day remaining); Heleva, 581 F.3d at 190, 193 (although the petitioner alleged one day remaining, the Court questioned need for stay because at least 30 days remained). Although Petitioner fears his PCRA counsel will not timely notify him of the resolution of his PCRA proceedings, he bases this fear on counsel's purported "fail[ure] to raise a substantial claim of trial counsel's ineffectiveness during the initial proceedings." (Doc. No. 10 at 2.) Yet, Stewart's counseled PCRA petition (whose denial is presently on appeal) includes that ineffective assistance claim. In any event, given the time remaining on the habeas clock, and the speculative nature of his concern, Petitioner has not made out good cause for his failure to exhaust state remedies before filing the instant Petition.

Petitioner's second ground—that a stay is necessary to allow him to file a second PCRA petition based on Martinez—is also meritless.  The Martinez Court addressed whether a state court criminal defendant may raise an ineffective counsel claim at federal habeas where he has procedurally defaulted on that claim in state court collateral proceedings.  132 S. Ct. at 1320.  As such, a "Martinez claim" can be raised only in federal court.  Moreover, Petitioner has not defaulted on his ineffective assistance of counsel claims—again, they are included in his current PCRA petition (on appeal).  Once again, Stewart has failed to make out good cause for his failure to exhaust state remedies before filing the instant Petition.

In light of Petitioner's failure to make out "good cause," I will deny his request for a stay.  Rhines, 544 U.S. at 277.

**AND NOW**, this 30th day of December, 2013, it is hereby **ORDERED** that:

1. Petitioner's "Application to Reopen" (Doc. No. 10) is **DENIED**;
2. The Report and Recommendation of the Honorable M. Faith Angell, United States Magistrate Judge, (Doc. No. 7) is **APPROVED and ADOPTED**;
3. The Petition (Doc. No. 1) is **DISMISSED** without prejudice for failure to exhaust available state court remedies;
4. No certificate of appealability shall issue;
5. The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.